[704 NYS2d 137]

In the Matter of DIONYSIOS S. SPYROPOULOS (Admitted as DIONYSIOS SPYROS SPYROPOULOS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 13, 2000

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Dionysios S. Spyropoulos,* Forest Hills, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition, dated January 21, 1999, which contained two charges of professional misconduct against him, one for each proceeding. After hearings on March 26, April 16, and April 30, 1999, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent opposes the motion, and, in effect, cross-moves to be provided with a copy of the Grievance Committee's confidential memorandum dated September 29, 1998.

· Charge One of the petition alleged that the respondent failed to properly safeguard funds that had been entrusted to him as fiduciary incident to his practice of law and improperly converted those funds to his own use, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (4) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [7]). In or about March 1996, the respondent represented P.T. Karikan Corporation, whose president was Alex Nikolovienis, in the sale of a business.* The respondent was entrusted, as a fiduciary, with a check payable to his order, as attorney, in the sum of $10,000, representing the purchaser's down payment. On or about March 12, 1996, the respondent deposited the $10,000 check into his attorney escrow account at Chase Bank.

The sale of the business was completed on or about December 30, 1997. The respondent refused to release to Mr. Nikolovienis, as president of P.T. Karikan, the $10,000 down payment to which he was entitled.

Mr. Nikolovienis filed a complaint against the respondent in March 1998. In his answer to the complaint dated April 6,

---

* The petition was amended at the hearing to substitute P.T. Karikan Corporation for Alex Nikolovienis.

1998, the respondent made the false and misleading statement that he was continuing to hold the $10,000 down payment in his attorney escrow account. In or about June 1997, the respondent had, without the knowledge or consent of Mr. Nikolovienis, used the $10,000 down payment to purchase, in his own name, a certificate of deposit at Chase Bank.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice and contrary to the lawful objectives of his client, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]) and DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1]).

In or about June 1996, Peter Minas retained the respondent to draft his will. The respondent served as a witness to the signing of the will, which he had prepared for his client's signature. Mr. Minas died of natural causes on December 12, 1996. On or about February 11, 1997, the respondent received from Mara Manin, the attorney retained to probate Mr. Minas's will, two copies of a "deposition affidavit of subscribing witness," together with her written request that he execute the affidavits and return them to her in the self-addressed stamped envelope provided. The respondent failed to do so, delaying probate of the will. The respondent refused to speak with Ms. Manin on several occasions when she telephoned his office, and failed to respond to several letters from her requesting that he execute the affidavit.

Ms. Manin filed a complaint of professional misconduct against the respondent in or about March 1997. In his answer to the complaint, the respondent stated that he was unable to sign the witness affidavit because Ms. Manin failed to provide him with certain information, including the date of the decedent's death and a copy of the death certificate. That information was not necessary for the execution of the subscribing witness affidavit. Although Ms. Manin provided the requested information to the respondent on or about May 9, 1997, he persisted in his refusal to sign the affidavit.

In his testimony before the Grievance Committee on August 12, 1997, the respondent stated that he would continue to refuse to sign the affidavit until he received an apology from Ms. Manin. The respondent's refusal to sign the affidavit was without justification and caused unnecessary delay in the probate of the will.

Based on the documentary evidence and the respondent's

admissions, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's application to vacate the reprimand dated May 15, 1998, by which the respondent was reprimanded for engaging in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law for causing unnecessary delay in the probate of the will, and his cross motion to be provided with a copy of the confidential memorandum from the Grievance Committee dated September 29, 1998 are denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's assertions that he believed himself to be legally entitled to the $10,000, that he was unaware that he had signed an application for a certificate of deposit, and that any complaint regarding his actions concerning the facts underlying Charge Two should have been heard by the Surrogate's Court, Queens County. In view of the totality of circumstances, the respondent is guilty of failing to properly safeguard and converting funds entrusted to him as a fiduciary incident to his practice of law and engaging in conduct prejudicial to the administration of justice and contrary to the lawful objectives of his client, which warrants his disbarment.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and LUCIANO, JJ., concur.

Ordered that the respondent's motion to vacate the reprimand dated May 15, 1998 is denied; and it is further,

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Dionysios S. Spyropoulos is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately Dionysios S. Spyropoulos is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving

to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.